1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH H. KATZ, pro se, | CASE NO. 11-CV-1838 JLS (NLS) |
| Plaintiff, | **ORDER: GRANTING MOTION FOR SUMMARY JUDGMENT** |
| vs. | (ECF No. 16) |
| MAIN STREET ACQUISITION CORP., GORDON & WONG LAW GROUP, AMY LOUISE GORDON, MITCHELL LEWIS WONG, ANDREW ARNOLD FORD, STEVE STEWART, AND DOES 1-10, | |
| Defendants. | |

Presently before the Court is Defendants' motion for summary judgment. (MSJ, ECF No. 16.) Plaintiff Elizabeth H. Katz, proceeding pro se, opposes the motion (Opp'n, ECF No. 24), and Defendants have replied (Reply, ECF No. 25). Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion for summary judgment.

//

//

- 1 -                                                                                                      11cv1838

**BACKGROUND**

Plaintiff filed the underlying Complaint in this Court on August 17, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), e(10), and f(1), by all Defendants. (Compl., ECF No. 1.) Plaintiff states she sent Defendants a "validation letter" after receiving notice of a debt collection lawsuit filed against her in San Diego Superior Court, but she never received a letter from Defendants in response. (Compl. 2.) She now brings this action under the FDCPA, claiming Defendants falsely represented the character, amount, or legal status of her debt, used false representation or deceptive means to collect or attempt to collect a debt, and collected or attempted to collect an amount not authorized by law or agreement.

Defendants answered, and subsequently brought the instant motion for summary judgment. In it, Defendants provide more background facts, which Plaintiff has not contested, except to say there is "no proof." (Opp'n 2.) Defendants state that Wells Fargo sold Plaintiff's credit card debt of approximately $3,223.71 to Defendant Main Street Acquisition Corporation ("Main Street") at some point in 2010. (MSJ 1, Ex. B.) On December 6, 2010, Main Street retained Defendant Gordon & Wong Law Group ("G&W") to assist in collecting the debt. Defendants Gordon, Wong, and Ford are attorneys at G&W, and Defendant Stewart is President of Main Street.

According to Defendants, G&W sent an initial demand letter to Plaintiff on December 9, 2010, advising her of her right to dispute the debt. (MSJ 2, Ex. B.) The letter was not returned as undeliverable, but Plaintiff never replied. (MSJ 2.) Plaintiff states she received no written communication from any Defendant prior to April 11, 2011. (Compl. ¶ 12.) G&W then made "several unsuccessful attempts" to reach Plaintiff by mail and phone. (MSJ 2.) On April 11, 2011, G&W filed suit against Plaintiff in state court to collect the debt. Plaintiff was served with the summons and complaint in that case on or around April 18, 2011. (*Id.*)

In a letter dated May 1, 2011, Plaintiff sent G&W a "request for VALIDATION" in response to a "notice sent to [Plaintiff] on April 20, 2011," citing § 1692g of the FDCPA. (MSJ Ex. C.) The letter states: "I respectfully request that your offices provide me with competent

//

//

evidence that I have any legal obligation to pay you," and demands several specific pieces of information and documentation.[1] (*Id.*)

Although Defendants allege G&W had no legal requirement to respond to Plaintiff's May 1, 2011 letter because the validation request was outside the 30-day validation period mandated by the FDCPA, G&W apparently sent a response anyway on May 16, 2011. (MSJ 2.) According to Defendants, this letter provided verification of Plaintiff's debt, stating: "Pursuant to your request we have verified with our client that you are the correct debtor in regard to this matter, further their records show that the balance is due and owing. . . . At this time we are not required to send additional information." (MSJ Ex. D.) Plaintiff asserts she never received any such letter from Defendants in response to her request. (Compl. ¶ 14.) She subsequently brought this action, and Defendants now move for summary judgment. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1.d.1.

**LEGAL STANDARD**

**1. Summary Judgment**

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by

---

[1] Plaintiff's letter requests G&W provide her with the following: "What the money you say I owe is for; Explain and show me how you calculated what you say I owe; Provide me with copies of any papers that show I agreed to pay what you say I owe; Provide a verification or copy of any judgment if applicable; Identify the original creditor; Prove the Statute of Limitations has not expired on this account; Show me that you are licensed to collect in my state; Provide me with your license numbers and Registered Agent." (MSJ, Ex. C.)

1  demonstrating that the nonmoving party "failed to make a sufficient showing on an essential
2  element of her case with respect to which she has the burden of proof." *Id.* at 322-23.  "Disputes
3  over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec.*
4  *Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

5        Once the moving party establishes the absence of genuine issues of material fact, the
6  burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed
7  fact remains. *Celotex*, 477 U.S. at 324.  The nonmoving party cannot oppose a properly supported
8  summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings."
9  *Anderson*, 477 U.S. at 256.  When ruling on a summary judgment motion, the court must view all
10 inferences drawn from the underlying facts in the light most favorable to the nonmoving party.
11 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

12 **2. The FDCPA**

13       "[T]he purpose of the FDCPA is to protect consumers broadly from improper practices and
14 the statute is to be interpreted liberally for this purpose."  *Riley v. Giguiere*, 631 F. Supp. 2d 1295,
15 1305 (E.D. Cal. 2009) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162,
16 1171, 1175 (9th Cir. 2006)).  It is a strict liability statute that "makes debt collectors liable for
17 violations that are not knowing or intentional." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027,
18 1030 (9th Cir. 2010) (internal quotation and citation omitted).  Proof of actual damages is not
19 required for recovery under the FDCPA.  *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998).

20 **ANALYSIS**

21       Defendants argue that summary judgment is proper because the dearth of evidence offered
22 by Plaintiff fails to satisfy her burden on essential elements of her claims.  (MSJ 3.)  The Court
23 agrees.  Although Defendants have presented evidence of compliance, Plaintiff has not provided
24 any evidence to create a genuine issue of material fact whether Defendants made false, misleading,
25 or deceptive statements or used unfair or unconscionable means of debt collection.  Plaintiff
26 cannot merely rest upon denials.  *Anderson*, 477 U.S. at 256.  Having failed to make a sufficient
27 showing on any of her claims, the Court concludes that a rational trier of fact could not find for
28 Plaintiff.

Here, the Complaint asserts each Defendant violated §§ 1692e[2] and 1692f[3] of the FDCPA, which address misrepresentation in the attempt to collect a debt and in the amount of that debt. In so doing, the Complaint merely parrots language from the statute without explanation or factual support. The Court agrees with Defendants that the Complaint fails to allege what Defendants communicated to her that was either false or misleading, nor does she identify any facts indicating Defendants attempted to collect an amount she did not owe. (*See* MSJ 9.) But, in an effort to liberally construe a pro se plaintiff's pleadings and to attempt to understand the basis for her claims, the Court reads her Complaint in conjunction with the arguments presented in her Opposition to the Motion for Summary Judgment and her supporting affidavit. From these documents, it seems that Plaintiff's allegations of misrepresentation and deception in debt collection efforts arise out of Defendants' filing a debt collection action against her in state court, and subsequently failing to prove they have the statutory or contractual authority to collect on the amount at issue in response to her letter.[4] (Opp'n ¶ 17–22; Pl.'s Aff. ¶¶ 4–9, ECF No. 24.)

---

[2] The relevant portions of this section state:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . The following conduct is a violation of this section: . . . (2) The false representation of-- (A) the character, amount, or legal status of any debt; . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (10).

[3] The relevant portions of this section state:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . . the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

[4] In both her Complaint and her Opposition, Plaintiff focuses entirely on claims under 1692e and 1692f. Out of an apparent abundance of caution, Defendants raised for her, and then rejected, any potential claim under 1692g regarding initial notice of debt collection under the FDCPA. (MSJ 5-8.) In response, Plaintiff again mentioned only 1692e and 1692f, and ignored any implication that she might have raised a 1692g claim. (*See* Opp'n 2.) Therefore, the Court finds that the 1692g claim made by Defendants on Plaintiff's behalf is not properly before the Court. And even if it were, Defendants have set forth evidence to establish that they complied with 1692g in the Gordon Declaration and accompanying business records. And, again, Plaintiff rests on mere denials by stating

However, even thus construing Plaintiff's allegations as liberally as possible, she still provides no evidence to support her claims, instead merely repeating in her Opposition and Affidavit that Defendants have not proven the debt is valid.[5] (Opp'n ¶¶ 7–13; Pl.'s Aff. ¶¶ 4–9.) But Plaintiff has not cited to any authority, statutory or otherwise, requiring them to do so in this forum or in the manner she demands. The portions of the FDCPA to which she cites articulate causes of action for the false representation of a debt in collection efforts or the attempt to collect on a debt not authorized by law. Merely asserting that she has not received proof of Defendants' valid ownership of the debt does not establish Defendants ever falsely represented the debt or that their collections efforts have been unauthorized. The Court is mindful of its duty to view all inferences in the light most favorable to Plaintiff. But by resting on mere denials as she has, and failing to support her claims legally or factually, there is nothing from which the Court may infer support for Plaintiff's claims. Indeed, Plaintiff has not even stated in unsupported allegations that the debt is not hers or that she was sued for an improper amount. (*See* MSJ 10.)

Plaintiff's objection to the Declaration of Defendant Amy Gordon ("Gordon Declaration") also fails to create a genuine issue of material fact. The Gordon Declaration sets forth information based on personal knowledge, identifying Exhibit A as regularly kept business records. (Decl. ¶¶ 1–3.) As such, the Gordon Declaration is admissible for the purposes of summary judgment under Federal Rule of Civil Procedure 56, which requires "[a] party asserting that a fact cannot be or is genuinely disputed [to] support the assertion by. . . affidavits or declarations," where the affidavits or declarations are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1)(A), (4). Further, the business records to which the Gordon Declaration refers would be admissible at trial. *See* Fed. R. Evid. 803(6). And even without looking to the

---

that she never received a letter. (Pl.'s Aff. ¶ 1,) 15 U.S.C. § 1692g only requires that a letter be sent, not received. *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999).

[5] Plaintiff may be confusing the applicable burdens in this action with those in the debt collection filed earlier by Defendants in state court. (*See* Reply 4.) In the instant case, Plaintiff has the burden to prove her asserted FDCPA violations. And in opposing Defendants' motion for summary judgment, she has the duty to present facts creating a genuine issue of material fact as to those claims. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). She will have ample opportunity to argue the invalidity of the debt in the concurrent state court action.

1 Gordon Declaration or the attached business records, the Court would be forced to the same
2 conclusion regarding Plaintiff's utter lack of support for her claims.

## CONCLUSION

4     Defendants have demonstrated Plaintiff's failure to make a sufficient showing that
5 Defendants made a false or misleading statement, essential to her claims under § 1692e, or that
6 they attempted to collect any amounts not authorized under the terms of the debt or permitted by
7 law, essential to her claim under § 1692f.  Plaintiff's continued assertions that Defendants have not
8 proven the validity of the debt can at best be characterized as mere denials, and do not establish
9 the existence of a genuine issue of fact on these essential elements of her claims.  Accordingly,
10 Defendants are entitled to judgment as a matter of law, and their motion for summary judgment is
11 **GRANTED**.  The Clerk shall close the file.

12     **IT IS SO ORDERED.**

14 DATED: April 26, 2012

                                                                  *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge